# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**RASHEED T. LATHAM,**

    **Movant,**

v.                                         **Case No. 3:17-cv-03998**
                                                 **Case No. 3:15-cr-00145-03**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Movant Rasheed T. Latham's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, Amended Memorandum of Law in Support of Motion, and Amended Motion under 28 U.S.C. § 2255. (ECF Nos. 287, 296, 305). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After consideration of the record, the undersigned **FINDS** that Movant's Motion and Amended Motion are without merit. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Movant's motions, **DISMISS** this civil action, with prejudice, and remove it from the docket of the Court. Given that the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.     Factual and Procedural Background

On July 15, 2015, Movant was indicted in the United States District Court for the Southern District of West Virginia on the charge of conspiracy to distribute heroin in violation of 18 U.S.C. § 846. (ECF No. 1).[1] On August 15, 2016, Movant pled guilty to the charge in the indictment pursuant to a plea agreement. (ECF Nos. 191, 193, 194). The Court ordered the United States Probation Office to prepare a Presentence Report ("PSR") and provided the parties with a deadline for filing objections to the PSR. (ECF No. 191).

On October 3, 2016, Unites States Probation Officer Leslie A. Culp provided the PSR to the parties for review. (ECF Nos. 213, 238). The PSR included, in relevant part, a calculation of Movant's Criminal History Category using the United States Sentencing Guidelines ("USSG") effective November 1, 2015. (ECF No. 238 at 15-19). Under the relevant guidelines, Movant received three points for a second-degree home invasion conviction entered by the Third Circuit Court, Detroit, Michigan in May 2005; three points for another second-degree home invasion conviction occurring in April 2006; three points for a February 2011 second-degree home invasion conviction; and two additional points for committing the crime charged in the federal indictment while under a criminal justice sentence. (*Id.*). With a total of eleven points, Movant's Criminal History Category was V. (*Id.* at 19).

On October 11, 2016, Movant's counsel filed objections to the PSR, including an objection to the calculation of Movant's Criminal History Category. (ECF No. 213 at 1-2). Counsel argued that Movant should have received only one point for the 2005 home invasion conviction, because the offense was committed when Movant was still a minor.

---

[1] The document numbers are taken from Movant's criminal case, 3:15-cr-00145-03.

Relying on USSG § 4A1.1(a) and § 4A1.2(d)(2)(B), counsel asserted that Movant was sentenced to probation and community service as a result of the 2005 conviction, rather than incarceration; therefore, that offense should have been assessed one point rather than the three points given by Probation Officer Culp. (ECF No. 213 at 1-2). According to counsel, the point difference was material, because the two additional points raised Movant's Criminal History Category from IV to V; thereby, increasing his sentence range from 37-46 months imprisonment to a range of 46-57 months. (*Id.*).

Movant was sentenced on November 14, 2016. (ECF Nos. 235). At sentencing, Movant's attorney again argued that Movant should not be assessed three points for the 2005 home invasion conviction for the reasons stated in the written objections. (ECF No. 293 at 3-5). The Court considered counsel's argument, but rejected it. (*Id.*). The Court explained that while Movant was a juvenile at the time he committed the crime and was given probation, he violated the terms of his probation and ultimately served a sentence of incarceration. As a result, USSG § 4A1.2(k) directed that three points be assessed. (*Id.*). Movant was sentenced to a term of 46 months imprisonment followed by three years of supervised release. (ECF No. 236).

Movant did not appeal his conviction or sentence; however, on September 18, 2017, Movant filed his initial Motion under § 2255. (ECF No. 287). In the motion, Movant alleged that he was denied effective assistance of counsel at the sentencing phase of his criminal action, because his attorney "failed to object to the PSR and at sentencing to the erroneously [sic] assessment of three criminal history points for Latham's 2004 [sic] Home Invasion conviction, therefore constituted [sic] 'deficient performance.'" (ECF No. 287 at 4). In Movant's view, absent this deficient performance, there was a reasonable probability that he would have received a sentence of 37-months imprisonment, instead

3

of 46 months. (*Id.* at 4-5). For relief, Movant asked the Court to vacate his sentence and resentence him, or alternatively, to grant him an evidentiary hearing. (*Id.* at 14). Movant subsequently amended his supporting memorandum, but his ground for relief remained the same.[2] (ECF No. 296).

On January 8, 2018, pursuant to a court order, the United States filed a memorandum in opposition to the § 2255 Motion. (ECF No. 303). In its response, the United States argued that the Motion should be denied for the simple reason that it was factually insupportable given that Movant's counsel had indeed objected to the assessment of three criminal history points for the 2005 home invasion offense. (*Id.* at 5). Moreover, the United States argued that the Court's decision to apply three points was correct under USSG § 4A1.2(k)(1); consequently, even if counsel had failed to object, Movant was not prejudiced. (*Id.* at 6).

On February 16, 2018, Movant filed a reply memorandum, conceding that the United States was correct in its response; his counsel had objected to the assessment of three points for Movant's 2005 home invasion. (ECF No. 305 at 2). However, Movant alleged, for the first time, a new and distinct challenge related to his sentence. Movant

---

[2] Movant added an argument in the amended memorandum that his counsel was deficient for not insisting that the 2005 offense was too old to be counted in the Criminal History Category. (ECF No. 296). Movant stated that his original sentence for the 2005 home invasion was imposed on June 27, 2005, and his indictment in the instant action was not returned until September 23, 2015, more than ten years later. Therefore, the 2005 offense should not have been counted. Movant's argument is unpersuasive. USSG § 4A1.2(e) makes clear that, in general, the applicable time period for a prior sentence of imprisonment exceeding one year and one month is measured from the imposition of the prior sentence to "defendant's commencement of the instant offense," not to the date of the charging document. Here, Movant commenced the instant offense in January 2013, less than ten years after his 2005 sentence. (ECF No. 1). Moreover, as the United States points out, the applicable time period in the specific case of Movant's 2005 revocation sentence was *fifteen* years, rather than ten years, and commenced on the date of his last release from incarceration. *See* USSG §§ 4A1.2(e)(1), 4A1.2(k)(2)(A). Thus, counsel plainly was not ineffective when he allowed the 2005 conviction to be counted without objection. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("[T]here can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument. Failure to raise a meritless argument can never amount to ineffective assistance.").

4

contended that his 2005 and 2006 home invasion convictions should have been "consolidated for sentencing" because they were "fully concurrent sentencings, thus 'related' [under] U.S.S.G. § 4A1.2, cmt. application n. 3." (*Id.*). Movant argued that had these convictions been treated as "related," his sentence would have been shorter. Movant requested that this Court recalculate his sentence considering the two prior home invasions as related sentences, or in the alternative, grant a stay and abeyance to give him time to obtain a "Formal Consolidation Order from the Third Circuit Court in Detroit, Michigan." (ECF Nos. 305 at 2-3).

On January 30, 2019, the undersigned construed Movant's reply memorandum as a Motion to Amend his § 2255 Motion and imposed a briefing schedule. (ECF No. 311). The United States filed a response in opposition to the Motion to Amend, (ECF No. 313), arguing that there was no merit to Movant's position. Movant's time for submitting a reply brief expired on March 21, 2019 with no reply being filed. The undersigned learned that on March 18, 2019, Movant was released from the custody of the Bureau of Prisons, having discharged his sentence of incarceration. *See* www.bop.gov/inmateloc/. Movant presumably has started his term of supervised release.

## II. Discussion

In view of Movant's release from custody, the undersigned must first examine whether this Court retains jurisdiction over Movant's § 2255 Motion, which challenges only his sentence of imprisonment. Courts agree that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict

between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render the petition moot.

  Nevertheless, in this case, Movant was sentenced to three years of supervised release after completion of his term of incarceration. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recently held that when a prisoner receives a custodial sentence followed by an additional period of supervised released, those two terms constitute a unitary sentence; thus, completion of the custodial portion of the sentence does not preclude a challenge to the sentence as a whole. *United States v. Ketter,* 908 F.3d 61, 65-66 (4th Cir. 2018) ("Because of the reciprocal relationship between a prison sentence and a term of supervised release, even when a prison term has ceased, a defendant serving a term of supervised release has a 'legally cognizable interest in the outcome' of a challenge to his sentence.") (citation omitted). The Fourth Circuit explained that "[a]lthough the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised

6

release." *Id.* at 66. Consequently, notwithstanding Movant's release from the Bureau of Prison's custody, the undersigned **FINDS** that the Court retains jurisdiction over this case and controversy.

Turning to the merits of Movant's motion, the undersigned **FINDS** no factual or legal support for Movant's original argument that his trial counsel was ineffective for failing to object to a three-point criminal history assessment for the 2005 home invasion conviction. When a movant alleges ineffective assistance of counsel under § 2255, the movant claims a violation of rights guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 680 (1984). Under *Strickland,* a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. *Id.* at 687. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994).

First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland,* 466 U.S. at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under Strickland is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88 (2011).

Second, the defendant must show that he was actually prejudiced by the ineffective assistance of counsel. *Strickland,* 466 U.S. at 687. To establish actual prejudice from counsel's deficient performance, "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Harrington,* 131 S.Ct. at 787)); *see also, Strickland,* 466 U.S. at 687. It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In this case, Movant is unable to satisfy either prong of the *Strickland* test. As Movant concedes, his counsel did object to the three-point assessment, both in written objections to the PSR and then again at the sentencing hearing. Therefore, counsel fulfilled his obligation to Movant to provide effective assistance of counsel. Counsel's objections were not successful, because the factual circumstances surrounding Movant's 2005 sentence did not support the argument advanced by Movant and his counsel. To the contrary, Movant would have been entitled to a one-point assessment if he had not violated his probation in 2006; however, once his probation was revoked and he was sentenced to imprisonment for 10-60 months, USSG § 4A1.2(k) directed a three-point assessment. Accordingly, even if counsel had been ineffective by not objecting, Movant would not have been prejudiced, because the outcome would have been the same.

Similarly, there is no merit to Movant's recently-added argument that his first two

8

home invasion convictions were "functionally consolidated" and should have been considered "related" under the USSG. The November 2015 USSG clearly states that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." *See* USSG § 4A1.2(a)(2). Here, Movant was arrested for his first home invasion on May 2, 2005 and pled guilty on May 23, 2005. (ECF No. 238 at 16). He was placed on four years' probation under a youthful offender act. While on probation, Movant was arrested for his second home invasion on March 27, 2006. (*Id.* at 17). On April 28, 2006, he pled guilty to the second home invasion, as well as to a probation violation, both of which resulted in sentences of incarceration. (*Id.* at 16-17). As such, Movant's first two home invasion offenses were separated by an intervening arrest and were properly counted as individual criminal convictions for purposes of his Criminal History Category.

Movant cites to *Buford v. United States,* 532 U.S. 59 (2001), in support of his theory that the 2005 and 2006 home invasions are related for purposes of computing criminal history points. (ECF No. 305 at 2). As the United States notes, *Buford* addresses the proper standard of review to be employed by an appellate court in considering a trial court's determinations under the USSG, which clearly is not the issue in this case. Movant does not explain how *Buford* endorses his position, but seems to suggest that because the sentence for his probation revocation was imposed on the same day as his sentence for the 2006 home invasion conviction, these sentences should be counted as a single sentence under USSG § 4A1.2, cmt, application n. 3. USSG § 4A1.2, cmt, application n. 3 provides that "[i]n some cases, multiple prior sentences are treated as a singe sentence for purposes of calculating the criminal history score under § 4A1.1 (a), (b), and (c)."

Movant fails to take into account, however, USSG § 4A1.2, cmt, application n. 11, which discusses sentences related to probation revocations. Application note 11 specifies that "[i]f … at the time of the revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." In other words, revocations are always counted separately from convictions for new crimes when calculating criminal history points. *See, e.g., United States v. Green,* 458 Fed. Appx. 568, 569 (7th Cir. 2012) (citing *United States v. Eubanks,* 593 F.3d 645, 654 (7th Cir. 2010)) (holding that a three-point assessment for a revocation sentence and a three-point assessment for a drug trafficking sentence imposed on same day were appropriate under § 4A1.2(a)(2) cmt. n. 11, because "revocations are always counted separately from convictions in criminal history calculations."); *United States v. Taylor,* 843 F. Supp. 38, 42 (W.D. Pa. 1993) ("Application Note 11 makes clear that the sentence for an underlying conviction and the sentence imposed upon revocation of probation are considered a single sentence and conviction because any additional time imposed for the revocation is merged with the terms of the original sentence; where, however, a sentence is imposed for revocation of probation on the basis of a conviction for a new substantive offense, the sentence for the new conviction is computed separately from the sentence imposed for the revocation of probation."); *United States v. Ault,* 940 F.2d 1536 (9th Cir. 1991) (unpublished) (holding that the text of Application Note 11 "leaves no doubt that the probation revocation and the new criminal conviction are to be treated as separate offenses."); *also United States v. Tolerson,* 2017 WL 4769048, at * 5 (W.D. Ark. May 24, 2017).

Therefore, the undersigned **FINDS** that Movant's original § 2255 motion is without merit, because it is based upon an incorrect factual premise, and his amended

motion is equally unavailing, because it is based upon an erroneous interpretation of the relevant sentencing guidelines.

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF Nos. 287, 305), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** March 27, 2019

Cheryl A. Eifert
United States Magistrate Judge